IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM P. MONAC, III,<br>    Petitioner,<br><br>    v.<br><br>UNITED STATES,<br>    Respondent. | )<br>)<br>)<br>)  Civil Action No. 06-489<br>)  (Criminal No. 02-245)<br>)<br>) |

ORDER OF COURT

Before the court is petitioner's Motion To Vacate Sentence under 28 U.S.C. § 2255. For the reasons that follow the motion will be denied.

The procedural history of this case is known to the parties, and because the procedural history is immaterial to the outcome of the motion, it need not be repeated at length here. We need only state that on September 26, 2003, petitioner pled guilty to a single count of Sexual Exploitation of a Minor in violation of 18 U.S.C. § 2251(a). On January 8, 2004, he was sentenced to what was then the mandatory minimum sentence of ten years in prison pursuant to 18 U.S.C. § 2251(d).

He contends in this petition that his trial counsel was ineffective for failing to argue at sentencing that the ten year prison sentence prescribed under 2251(d) was not mandatory, but rather, the court was free to impose either a fine or a ten-year prison sentence. He also contends that his appellate counsel was ineffective for failing to raise this issue on appeal. He bases

this argument on two decisions from the Second Circuit: <u>United States v. Pabon-Cruz</u>, 391 F.3d 86 (2d Cir. 2004) and <u>United States v. Rowe</u>, 414 F.3d 271 (2d Cir. 2005). Neither of these cases, however, warrant petitioner the relief he seeks.

First, both of these cases were decided well after he was sentenced. The courts are uniform that counsel will not be held ineffective for failing to predict future developments in the law. <u>Fountain v. Kyler</u>, 420 F.3d 267, 277 (3d Cir. 2005) (citing cases); <u>Green v. United States</u>, 65 F.3d 546, 551 (6th Cir. 1995) (lawyer's failure to predict Sixth Circuit's approach to law did not constitute ineffective assistance of counsel); <u>Wajda v. United States</u>, 64 F.3d 385, 388 (8th Cir. 1995) ("[C]ounsel's performance is not deficient by failing to predict future developments in the law."); <u>United States v. Gonzalez-Lerma</u>, 71 F.3d 1537, 1542 (10th Cir. 1995) ("Defendant faults his former counsel not for failing to find existing law, but for failing to predict future law. We agree ... that clairvoyance is not a required attribute of effective representation."); <u>Elledge v. Dugger</u>, 823 F.2d 1439, 1443 (11th Cir. 1987) ("Reasonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop."); <u>Nelson v. Estelle</u>, 642 F.2d 903, 908 (5th Cir.

1981) (holding that "counsel is normally not expected to foresee future new developments in the law ").

Moreover, both of the decisions petitioner relies on are from the Second Circuit. Neither are binding in the Third Circuit and the law in the Third Circuit was then and remains that the terms of imprisonment set forth in 2251(d) are mandatory. United States v. Randolph, 364 F.3d 118 (3d Cir. 2004), United States v. McLallen, 2002 WL 31831572 (3d Cir. Dec. 17, 2002), United States v. Galo, 239 F.3d 572 (3d Cir. 2001). Therefore, counsel cannot be held to be ineffective for failing to raise an argument that is in conflict with Third Circuit law.

Because neither trial nor appellant counsel was ineffective for failing to raise the issue asserted by petitioner, the Motion To Vacate The Sentence is denied. The Clerk of Court is directed to mark this case closed.

BY THE COURT:

_____, J.

DATED: 8-7-06

cc:   All Counsel of Record